So for the first case on our call today, Agenda 1-128-805, People of the State of Illinois v. Quezada. Are you prepared to proceed? Good morning. May it please the Court, Counsel. I'm Assistant Attorney General Josh Schneider on behalf of the people of the State of Illinois. The appellate court erred by granting relief on two forfeited claims of error that did not either individually or cumulatively rise to the level of a plain error. I think the parties agree that the two claims on which the appellate court granted relief were forfeited. These are the claims that the trial court erred by admitting Longmire's prior video-recorded statement and by admitting Detective Amaro's expert opinion regarding gang membership. There's no question that these two claims were forfeited because the defendant did not object to the admission of either piece of evidence at trial. And what that meant was that there were only two ways under Illinois law for the appellate court to review these forfeited claims of error. First, the appellate court reviewed these forfeited claims directly under the plain error doctrine. The defendant showed that these two errors individually or cumulatively amounted to plain error. And the second way that the appellate court could review these forfeited claims of error was indirectly if the defendant presented them as bases for a claim of ineffective assistance of counsel. But what the appellate court could not do is what it did here, which is review these two forfeited claims of error de novo simply because they've been packaged together and presented under the umbrella of a due process claim of cumulative error. Because if a defendant can get de novo review of a forfeited claim simply by presenting it as part of a due process claim, then forfeiture in Illinois really ceases to be a meaningful procedural requirement. And this becomes clear when we consider the nature of a due process claim of cumulative error. Because first and foremost, a claim of cumulative error is a due process claim like any other due process claim. It is a claim that the defendant was denied a fair trial under the due process clause. And the analysis of that claim is the same whether the claim is based on one error or more than one error. First, the defendant has to show that the error occurred. Then the burden shifts to the people who then need to prove that the error or errors, if it's a cumulative error claim, were whether viewed individually or cumulatively harmless beyond a reasonable doubt. And so if a defendant can get... You said harmless beyond a reasonable doubt with plain error? Is that what we look at? No, Your Honor. So that's the distinction between a due process claim of cumulative error when reviewed de novo and the plain error standard. And this becomes really clear if we imagine that we've got a defendant who's got a single claim of error, and that claim is forfeited. To prevail under the plain error standard, he bears the burden of proving that the error was clear-obvious, and he bears the burden of proving that either the evidence was closely balanced under the first prong of the standard or that the error was structural, so it was second-prong plain error. But under the appellate court's approach, if that same defendant can get de novo review of that same forfeited claim simply by alleging any other error because the mere existence... Counsel, are we confusing or conflating standard of review versus plain error review? I don't... The standard of review you're saying should not be de novo, right? That's exactly right, yes. But you do agree that it's plain error review? Yes, and we would submit that plain error review is a standard of review. It is a standard that the defendant must satisfy to allow forfeiture to be excused so that his claim is properly before the court. A standard of review? I mean, when I think about de novo, I guess I think about standards of review driving what amount of deference we give to the lower court, whereas with plain error, it's not so much about how much deference you give. It's just, you know, was, you know, whether or not certain criteria had been met. I think that's true. Maybe standard review is not a completely comfortable phrase for the entirety of plain error review, but I would note that the first step of any plain error review, the question of whether the error is clear or obvious, is a question of how... to intervene to correct that error, whether the trial court should have recognized that error regardless of whether anyone raised any objection and further recognize it had independent duty to intervene and correct that error. But whether we call it a standard of review or call it a procedural requirement to overcome forfeiture, the fact remains that a court cannot engage in de novo review of a claim that has been forfeited. It can only review that claim through the lens of plain error and can only grant relief if that plain error standard is satisfying. Returning to our one claim of having defendant. If a defendant has one forfeited claim under the plain error standard, he can't obtain relief on that claim unless he establishes both errors clear or obvious and that first or second claim of plain error was established. But he can obtain de novo review as though he had not forfeited the claim at all simply by identifying any other claim of error because the mere existence of that second allegation of error means that he can now bundle his first forfeited claim with that second claim. And then he's back to showing exactly what he had to show if he preserved the claim below. All he needs to show is there was error. And the burden shifts to the people. As though he had preserved the claim, they now must prove beyond reasonable doubt that the errors cumulatively were harmless beyond a reasonable doubt. And for that reason, this court and the court in Illinois do not review forfeited claims de novo when they're packaged together as part of a due process claim of cumulative error. Because that would really render forfeiture a dead letter in Illinois as a procedural requirement. And so instead... In this case, the defendant alleged ineffective assistance of counsel as well, correct? That's correct, yes. But the appellate court did not, did they address that? They found that even assuming that it was deficient performance, he couldn't establish prejudice. There's no reasonable probability of a different outcome. So the appellate court correctly recognized that neither of these individual errors rose to the level of plain error under the first or second prong. And that neither of them constituted ineffective assistance under the familiar Strickland standard. But the court then took the two claims and said notwithstanding that they're not reviewable as plain error and notwithstanding they're not a basis for reversal under Strickland, when you pair them together and then review them as a due process claim, now he gets relief. And that basically renders forfeiture irrelevant. Because all you need is two claims of error, you put them together, and now just because there's more than one, you're getting a no-vote review. And that's simply not how this court has ever reviewed cumulative error claims, due process claims based on more than one error, when the component errors are not preserved. We've cited cases including Cathy Hall, Blue, Scott, where this court was very careful in recognizing that when it was addressing the preserved components of a due process claim of cumulative error, it was reviewing those claims to see whether they were cumulatively harmless. And when it was reviewing the unpreserved components of a due process claim, it was reviewing those components under the plain error standard. And specifically in Blue, this court explained that it's not simply plain error, it's second prong plain error that governs an unpreserved cumulative error claim, which means that we're looking at whether all of these individually harmless component errors, preserved and unpreserved, whether those errors together undermined fundamentally the integrity and reputation of the judicial system as a whole. These are not simply discrete evidentiary errors that together may have had some sort of effect on the outcome of the trial, because that's essentially harmlessness or prejudice analysis. These are errors that, as the court put it, rendered the judicial process a fundamentally unreliable way of determining guilt or innocence. These are claims like a biased judge, a biased juror, a complete denial of counsel, an unsworn jury such that the body that found the person guilty wasn't a jury at all, those kinds of errors. And when we look at these two errors that the appellate court reviewed together and found that they warranted relief, when we apply the proper plain error standard, we see that it was not a basis for relief. First, because the two errors individually were not clear or obvious errors. And then secondly — Can I ask you some questions about that? The first one, the one about the admission of the videotape, it was interesting the way you phrased it in your brief. You talked about the court's sua sponte obligations. Looking at that, that was error that the court did not sua sponte, bar the admission of the confession or the statement of error. So can you help me with the record? So in Oakley's statements to the jury, the defense counsel argued, thank God there's this video. You're going to see when he testifies that he's been coerced. In other words, apparently from his opening statement, the defense counsel was saying this is our trial strategy to say that you cannot believe this witness' trial testimony because in the past you can see he was coerced. And I think, I'm not sure about this, did he also raise it in closing argument as well? He did, yes. In closing argument, he then referred the jury to that video saying, look, his story changed I think seven times and this is why you can't credit him. So what's the trial judge supposed to do when the defense counsel makes it very clear that their defense strategy is it must come in? And this is exactly why clear, obvious error requires that the error be so clear and so obvious that the trial court has an obligation to sua sponte, intervene to correct this error regardless of any objection from counsel. Because there are lots of errors, or how about this, there are lots of pieces of evidence that are admitted where a meritorious objection to their admission could have been raised had counsel chosen to raise that objection. But it is black letter law that whether and how to object to evidence is a question of strategy. And counsel, prudent counsel will exercise a strategic judgment to determine whether and when to raise certain objections. Sometimes they may determine, as in this case, that there may be an objection that would keep this piece of evidence out. But on balance, I think it's more beneficial to the defense than harmful. So I'd rather that it come in. So I'm going to not raise that objection. And when a trial court is confronted with a piece of sort of objectionable evidence being admitted without objection, as this court recognized in pre-court, for the trial court to essentially ignore the presumptive strategic decision that counsel is making. And say, I know you're not objecting, but I'm excluding it. Purportedly in the defendant's interest, but potentially interfering with the defendant's chosen strategy, that's a real problem. Because then the clear and obvious part of the plain error test isn't really doing any work anymore. Then we're just saying, sort of in the law review exam, the law school exam, can you come up with various objections that might be meritorious? And that's simply not what clear and obvious error means. So similarly in the second error, the trial court specifically asked counsel, do you have an objection to the admissibility of this testimony, the gang testimony? And the counsel made some kind of indication, and the court for the record said, so you have no objection. So the issue was right there, square in front of everybody, and the counsel did not object to the admissibility. And to take a step back, this is an unusually clear record. All decisions not to object are presumptively strategic, but here we have an unusually clear record showing that counsel decided not to object, and why. I mean, Longmire's statement, the decision not to object there was not merely forfeited, waived, because counsel affirmably said, no objection, judge, when it was offered into evidence. And as this court held in Caffey, the phrase, no objection, judge, is quintessential waiver. That's saying, I do not object to this, and you're waiving any argument that that admission was an error later. But the same rationale applies when there's not express waiver, but when there's sort of implicit waiver, and the presumption is a strategic decision, and that same rationale applies to Detective Amari's expert opinion. Counsel made a decision not to object to that opinion coming in, and a prudent counsel might frequently decide not to object under those same circumstances. If an expert is being presented, counsel likely knows going in, this expert is going to be qualified. I've reviewed the discovery, I've seen this person's CV perhaps, I know this person is qualified as an expert, and I really don't want to force the prosecution to present that expert's qualifications more compellingly than they're already going to. If the prosecution wants to do it fairly perfunctorily, and say, here's this person, he was an officer for 11 years, he worked with gangs, he's familiar with gangs, therefore we offer him as an expert, it's probably not in the defense's interest to say, no, no, that's not enough. And so the prosecution goes, all right, well, he was 11 years an officer, he did this, he had this specialized training, he's had these articles published, he's had this particular education, he's been accepted this many times, because although that may be a better basis for finding that expert to be an expert, it also bolsters his credibility in the eyes of the jury, in that way strengthening this defense's case. And similarly, if the state is presenting the basis of an expert's opinion in a fairly perfunctory way, counsel may not want to say, wait, wait, do a much better job presenting the case against my client. There's a saying, when your opponent's making a mistake, don't interrupt him. If the prosecution... And in this case, gang membership was an element of one of the counts. That's exactly right. I mean, so it's not just, you know, bring up some information about him that the jury might be angry about, that he's a gang member, it actually was relevant to an element in the case. That's right. How else is the state going to prove this element? The state had a duty to present evidence of gang membership, and to be sure, the evidence they presented under Murray was insufficient as a matter of law. But that is all the more reason not to object. If the state is presenting evidence that is insufficient to bear their burden, it seems unwise as a strategic matter to point that out at a time when they can correct that insufficiency. I'd also like to touch on the second reason that the appellate court found this to be erroneous, to admit Amara's testimony, was that the opinion was insufficient to prove that Defendant was a member of a statutory street gang. It may have been sufficient to prove that he was a member of the Spanish Gangster Disciples, but it wasn't sufficient to prove that the Spanish Gangster Disciples satisfied the statutory definition of street gang with a hierarchical structure and so on. But the question of legal sufficiency to prove a fact beyond a reasonable doubt is simply irrelevant to the question of admissibility. Almost none of the evidence in this case was independently sufficient to prove beyond a reasonable doubt that Defendant shot at police officers. The officers' testimony in the parking lot that they heard gunshots coming from the west, the direction of the swimming pool, obviously was not independently sufficient to prove beyond a reasonable doubt that Defendant was the person who fired those shots, but it's certainly probative of that fact and therefore admissible. So the fact that Detective Amara's opinion was insufficient to prove that Defendant was a member of a statutory street gang was not a basis for the trial court to suspend to exclude that opinion in the absence of any objection from counsel. But even if we were to accept for the sake of argument that these were clear or obvious errors, they cumulatively did not rise to the level of structural error. This court has made very clear in Moon and Jackson that second prompt plain error is fundamentally a question of structural error. And these two discrete evidentiary errors are not that kind of error. These are not the kind of errors that undermine the integrity of the judicial process as a whole. These are sort of the kinds of garden-of-variety trial errors that are raised on most direct appeals. This piece of evidence was admitted in violation of some hearsay rule, or this piece of information was admitted in violation of Rule 403, that sort of thing. It's simply not second prompt plain error. And so in sum, if there are no further questions, the appellate court erred by granting or refunding two forfeited claims without applying the plain error standard. And when we apply that proper standard to review these claims, we see that first they were neither clear nor obvious error, and second, they cumulatively did not rise to the level of second prompt plain error. Thank you very much. Good morning, Your Honors, and may it please the court. My name is Andrew T. Moore, and I represent the defendant appellee, Oldman Quezada. We ask this court uphold the appellate court ruling or, in the alternative, affirm on other grounds because this is a closely balanced case. This court held in People v. Blue, when an error arises at trial of such gravity that it threatens the very integrity of the judicial process, the court must act to correct the error so that the fairness and reputation of the process can be protected. That's just what the appellate court did here, and the appellate court got it right. This was a three-judge panel with 68 years collectively on the bench between them, unanimously held that the issues stemming from the improper admission and use of the Longmere interrogation video and the gang evidence cumulatively deprived my client of fair trial. And this is a meaningful opinion because these judges, like I said, 68 years of service. Admittedly, Justice McClaren pats that number a little bit, but Justice Jorgensen and Shostak both have 16 years themselves. They've seen it all. They've seen all these cases. And this is a case they decided was so bad that it had to be reversed. Now the state is asking the court to get rid of this relief, which exists currently, and place the principles of procedural waiver, which do not bind reviewing courts in this state, appellate court or this court, over the due process rights of the very people it prosecutes. However, the appellate court's use of cumulative error is supported by the law. Counsel, how is this case impacted by the Bluh decision? Bluh is kind of cited a lot for the cumulative error analysis, and that case is important because it held that two errors that may not be individually reversible come together and make something stronger. In other words, they kind of work in synergy with each other to amplify each one of these things. And was there de novo review of the errors that were not preserved? The errors that were not preserved go through... In Bluh, I'm asking you? That wouldn't have been de novo review of the errors themselves because the state kind of has it mixed up as far as what's a standard review, what's plain error. So the issues in Bluh, the errors that were not preserved, that was not de novo review, correct? Correct. They were prosecutorial. So how does that impact this case? Well, in this case, the state has it mixed up. They're focusing on de novo review, but the de novo review only comes after you review the individual errors for whatever their applicable standard review is. It's not like I say, well, this was an error, and consider it cumulatively. The court already has to determine that it's an error, and it goes through the normal standard of review. I'm confused as to why this de novo review has become such a big deal because the review isn't dependent on the outcome. It's dependent on whether or not it was an error in the first place. So if there are two evidentiary errors in a case, that's automatic reversal? No, not by any means. This relief is not often used. The cases that grant this relief are few and far between. This is judges who look at a case, and they probably get some kind of gut feeling when they go through the record and analyze it that something's not wrong here. Counsel, can you kind of walk me through? So you agree that these errors were not preserved, is that right? Correct. And so we're talking plain error review? They are reviewed for plain error when you look at them individually. So you go through plain error review. And which prongs or both prongs of plain error are you asserting were violated here? Both prongs. When you look at the errors individually, both prongs are violated. When you combine them together, it's the same. It's ultimately the same analysis as pronged two-point error. So if you're talking cumulatively, I would say it's equivalent to pronged two. Wait a minute. Tell me again. So let's take them one at a time. Yes. Okay. These are two evidentiary errors. Correct. And you're saying each one of them are structural errors in and of themselves? Yes. The appellate court didn't find that, but I would argue that, yes. Do you want to argue that, of course? So the first issue of the video, that was, as you mentioned, that could either be attached or The appellate court looked at this through ineffective assistance of counsel and just normal evidentiary errors. And in this one in particular, they focused more on the evidentiary issues. So if you look at the Did you raise ineffective assistance of counsel? I did. Pardon? I did not. On this particular issue, I did not. So you have to look at this video. So you just raised it as plain error? That's not exactly true, Your Honor. Below in the appellate court, it was raised as both. So the appellate court ruled that it was not ineffective assistance, but they looked at it from an evidentiary standpoint. The state is arguing that it wasn't an error. I'm arguing that it was an error. I'm getting a little confused. So can we talk about, get back to the two prongs of plain error? Yeah. So with respect to the two errors that we had in this case that were not preserved, which prong or are you alleging both prongs of plain error were violated? Both. And the first, because the case is closely balanced. And second, each of them individually attacked the integrity of this case. But when you combine them together, that's really the main argument here, because that's the appellate court holding that we're looking at. And the state's PLA didn't attack that holding. They just attacked how the state or the appellate court went about it. So this court, you're obviously interested in the individual errors, but the state didn't present that in its PLA to this court. But so I guess, so the question we're at now is why was the video itself a violation of prong two of plain error? Is that what you were asking? I'm just trying to determine what your position is. My position is the appellate court was correct in that this is cumulative error. If this court finds that one of them were not errors, I'm arguing that you should affirm on other grounds because it's a closely balanced case. Counsel, are you following people versus blue, which said at the end of the day, the question for the court is whether or not the defendant was denied a fair trial based on these two cumulative errors? Yes. And the blue and other cases that I cite, Illinois Supreme Court Rule 615A supports this relief as well. The court has the ability to consider defects, and that's plural, affecting substantial rights, even though they weren't brought to the trial court. There's no reading of this rule that would limit or that would prevent the appellate court from doing what it did in this case. Now, what do we do about the fact that counsel wanted the video in? Counsel clearly wanted that admitted. Yes, Your Honor. So what are you suggesting is the obligation of the trial court? When counsel says, this tells the jury, this is key to our defense. We wait till you see this. Thank God you're going to see this. What should the – what is the obligation of the trial court? Well, the trial court, when the video got to points when you have the defendant – not the defendant, I'm sorry – the police basically telling the jury, this guy did it. Olven-Pueyzade, he did it. He fired the gun. You're telling Longmire when he disagreed with it. You're wrong. We know the truth. That's the kind of stuff – And that was the defense theory, was when he testifies, you know he's not telling the truth because you're going to see the video where the police did these terrible things and coerced him. That was the theory of their case. So what is the judge supposed to do? I'm picturing, you know, trial judges out there. What message are we going to tell them? What is their obligation to intervene in a case where counsel said this is the evidence we want and it's key to our defense? Well, when evidence – when it gets to the point in this video like it did where there's – it got to the point where the defense counsel might as well have handed the police reports over to the jury and said, here, just read these. But you're not arguing ineffective assistance of counsel. Right? You're not arguing ineffective assistance of counsel. Your Honor, my position is the appellate court was correct. I can't – I'm arguing they were right. These are both errors. Whether or not it's ineffective assistance or not, when you're looking at the cumulative error analysis of whether or not this was a due process violation, you don't necessarily have to ask whether or not the judge should have at that moment eliminated this video. You've got to look at the whole trial and see what – how did this video impact it. So in this case – Weren't you told to see if there was error? Yeah, and the appellate court determined that there was error. How was there error? The trial court – Did not err. You agree. The issue was in front of the trial court and the trial court – I think the trial court did err, but it shouldn't be framed the way that the state's framing it as he should have sua sponte done this. You've got to look at the case as a whole and see – the judge might not have even known what this video – what was on this video. But when it gets to the point where you're – where in this video there's hearsay accusing my client of this case, the police said other people had told them that my client was the shooter, which had to have been a lie because there was no other witnesses that the state called. There's just so much improper evidence that came in because of the video and this gang evidence that this case cannot – or violated my client's rights. So if you look at how these work together, this is kind of the most important part of this case. And this is a difficult case to discuss because you're looking at two errors, but because of those two errors, you have to consider all the other stuff that came in. So basically the combination of these, the video and the gang evidence, allowed the police officers to narrate their entire investigation up until my client refusing to talk, invoking his right to silence twice. So the police were able to tell the jury step-by-step through this evidence exactly what they did in this case. And that's not – that's the reason why we don't allow police reports. But counsel, isn't the issue that this really – if it is a matter of trial strategy that counsel wanted this in, you're saying that the judge should not have allowed this. And as the chief has mentioned, what are the – what's the trial judge supposed to do? Because if they want to present a defense and they don't allow them to, then they say, well, this is a defense and we weren't allowed to. That's error. Isn't this better brought as an ineffective assistance of counsel claim that, you know, there is no strategy that would be sound in this circumstance to have all of this video come in no matter what their defense was? Yeah, I believe that's true. But that isn't a claim that's been raised here, correct? You're right. I'm not raising the claims in this case. But it was raised below where he had his – Was it? I mean, I know the appellate court addresses the accomplice witness instruction, the ineffective assistance of counsel for failure to request that. But I don't – It was raised below as ineffective assistance of counsel, for sure. Now, in the appellate court here, they – In the reply brief. In my – affirm on which basis? On the basis that it would be ineffective assistance of counsel. I mean, you're saying that it wasn't your issue to raise, but it was raised below and it would be in the record. Yes. I would argue that you can't consider it that way, especially considering that the state has not presented any of these arguments in its PLA and it's asking you to weigh that omission. If you view this as an omission, I just ask the court consider this. But focusing on the individual issues takes – It doesn't – It takes the – I guess the importance off of what the appellate court found. And they found similar to Blue that these two errors together, you know, however they came in, preserved, unpreserved. Ineffective assistance of counsel, you know, whatever. If you combine these two, you get one. You've got the police telling the jury its entire case. Counsel, assuming that the acquiescence of defense counsel is such that we can't consider that error, isn't there only one? We're really arguing about one error in this case. Is that sufficient? No. Well, one error is sufficient because the case is closely balanced. But that – there was not an acquiescence in this case. Just by saying you don't have an objection is not an acquiescence to anything. Imagine all of the plain error issues that have been raised where somebody says no objection, Your Honor. That's just common politeness in the court. What are his other options? Should he stay silent to preserve the error or should he object? Counsel, if he objected to the evidence coming in, I think any lawyer who objected would say I object. If he doesn't object, isn't that commonly accepted as acquiescence? No. It's not? No. A failure to object is just not preserving an issue. An acquiescence is procuring evidence, bringing the evidence to the court yourself, and then after that, if you have an active – Do you have a case that supports this theory that you're just espousing now? Is there a case that says that? I would just ask that you look at the general plain error rules because if – it doesn't – if I'm sitting at the bench, I can either object or not object. Right? Or the defense counsel's chair, I can object or not object. If I don't object, I have not preserved that issue. It doesn't mean that I've acquiesced to it. That's a far greater standard that you have to – So what does it mean when you do object? When you object, what does that signify? That signifies that you're objecting to this coming in and you're, you know, setting the record to preserve the error. Would it be fair to say if you object, that means that you don't want that piece of evidence to come in? Correct. So if you don't object, that doesn't mean – if you don't object, that means what? It means that you either don't have a problem with it. It could mean the trial counsel is not very quick. But again, aren't – if you're talking about that, aren't we talking about ineffective assistance of counsel if you're saying that means trial counsel isn't very quick? And that's not your claim here, is it? My claim is that the appellate court got this right. And if you look at these errors together, I'm not – But you've got to give us some basis. You know, we've got to write something. I mean, I think you're just saying, well, the appellate court got this right. But I'm just trying to get to the basis that you're saying that the appellate court got this right. And that's all I'm asking. Okay. I can tell you that. So there's two unpreserved errors in this case, the video and the gang evidence. Now, because those were admitted, you're not just looking at two errors. You're looking at all of the evidentiary improprieties that came in because of those. So, again, if you – Did you argue that in your – if we're looking at not just those two but everything else that flowed from those two? Yes, Your Honor. I list all the problems that came from this evidence in my brief. And the appellate court spent a pretty good deal of time, pages, in fact, on discussing all of the problems that came in because of this evidence. Like, for instance, if you just look at the video, it contained improper hearsay. Basically, of the police saying, we've talked to people. They've told me that you're quiet today. That's not an adversarial process. It allowed the jurors to hear the police narratives about their theory of the case that the state never supported at trial. In fact, the only time that you ever hear anybody say that my client fired a gun in a horizontal trajectory, which was required in this case, is a police officer in this interrogation video. The other – the weakest evidence in this case is the proper evidence. If you look at what probably convicted my client, it's the police implying that they have information behind the scenes that the jury is left to speculate about and that if they think, oh, this police officer says he's guilty, he's probably guilty. Counsel, you can bring your remarks to a close. Your Honors, I just ask that you really consider this evidence as a whole and how it worked together in order to deprive my client of a fair trial. Again, we ask this court to affirm, the appellate court, that this – cumulative error violating my client's due process for other rights, or in the alternative, that this case is closed and announced. Thank you. Thank you very much, Counsel. I think the crux of the disagreement between the parties' positions is what exactly a cumulative error claim is. Our position is that a cumulative error is a due process claim. And the defendant's position appears to be that a cumulative error claim is a third way of obtaining review of forfeited claims, separate from plain error review or ineffective assistance of counsel. And I'd like to spend a moment talking about people being blue, because I think that that helps sort out this distinction. Because blue is indeed a case about a due process claim of cumulative error. But more specifically, it's a case about reviewing a due process claim of cumulative error that is based on unpreserved components. And what blue did was review that claim expressly under second-prong plain error, looking to see whether those component errors, when viewed cumulatively, rose to the level of second-prong plain error. And counsel is correct that successful cumulative error claims under this standard are few and far between. If you look at the facts of blue, you'll see a really extraordinary set of circumstances, which was almost akin to a de facto claim of a biased jury, frankly. In that case, the prosecution's case before the jury was essentially a naked plea to the jury to rule on the basis of prejudice. It was a case involving the murder of a police officer. The evidence which was presented included the victim's bloody and literally brain-spattered uniform displayed on a mannequin in front of the jury for prolonged stretches, many of which it was not at all relevant during. That mannequin with the uniform was then sent back to the jury room during deliberations, and the jury was given gloves, implicitly encouraging them to interact with that evidence. And then in closing, the prosecution argued that the jury needed to find the defendant guilty to send a message of support to police and for the victim's family. And compounding all of that pattern of really serious error was an error in voir dire where the trial court had precluded the defense from, this was a death penalty case, precluded the defense from questioning the potential jurors about whether they would automatically find the defendant guilty if they determined that he had killed a police officer. And so this court said, there's no question that the evidence is absolutely overwhelming that the defendant in blue committed the crimes, but notwithstanding that, this comprehensive pattern of error was such that we don't care about the effect it may have had on the outcome. It's fundamentally unknowable. It was such an open plea to the jury's passions that they ruled that they find the verdict based on prejudice. And we simply cannot allow this verdict to stand because it so undermines the integrity and reputation of the judicial system as a whole. This is not an error that takes place within a functioning judicial system. These are errors that prevent the judicial system from functioning altogether. And that's the difference. A cumulative error claim based on preserved components is reviewed like any other due process claim. A cumulative error claim based on unpreserved components can only be reviewed under the second problem claim error standard. And so for those reasons, if the court has no further questions, we'd ask that you reverse the judgment of the appellate court. Thank you. Thank you very much. Both sides. This is agenda number one, number 128805, people of the state of Illinois versus Olivine. Kizara, thank you both for your arguments. This case will be taken under advisement. Before we begin the oral argument in the next case, Justice Cunningham will introduce our guest for today. Good morning, everyone. Present today in court is my extern, Stella McMillan. Stella has been an extern in my chambers this semester and is here to see oral arguments. Welcome, Stella. Welcome.